IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 12, 2020

## STATE OF TENNESSEE v. RAMON LUIS HERNANDEZ, JR.

**Appeal from the Criminal Court for Sumner County
No. CR1019-2018    Dee David Gay, Judge**

_____

### No. M2019-01482-CCA-R3-CD

_____

Defendant, Ramon Luis Hernandez, Jr., pled guilty to one count of aggravated sexual exploitation of a minor and one count of sexual exploitation of a minor involving over 50 images.  Defendant agreed to consecutive sentencing, with the trial court to determine the length and manner of service of the sentences after a sentencing hearing.  The trial court sentenced Defendant to five years for each offense for an effective sentence of ten years of incarceration.  After a review, we conclude that the trial court sentenced Defendant to a sentence within the range for each conviction and followed the proper sentencing procedure.  Accordingly, the trial court did not abuse its discretion and the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., J., joined.  NORMA MCGEE OGLE, J., concurred in results only.

Mike Anderson, Gallatin, Tennessee, for the appellant, Ramon Luis Hernandez, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Ray Whitley, District Attorney General; and Tara Wyllie, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

On March 14, 2018, Defendant was arrested on warrants issued by the Sumner County General Sessions Court charging him with aggravated sexual exploitation of a

minor and sexual exploitation of a minor. According to the affidavit accompanying the arrest warrants, Detective Stephen Hodges had received tips from the National Center for Missing & Exploited Children ("NCMEC") and subsequent information subpoenaed from Comcast, Google, and Microsoft that images of child pornography were being viewed and uploaded to the internet by Defendant. After being "Mirandized," Defendant admitted to owning and uploading images of child pornography. Defendant also confirmed that he owned more than fifty images of child pornography and had distributed more than twenty images of child pornography. Law enforcement seized multiple electronics, took Defendant into custody, and transported him to the Sumner County Jail for processing.

In November of 2018, Defendant was indicted by a Sumner County grand jury of eight counts of possessing with intent to distribute images that included a minor engaged in sexual activity and possessing a video on a cell phone that included a minor engaged in sexual activity. Each count of the indictment alleged Defendant possessed varying numbers of images. The images were contained on a cell phone, laptop, Microsoft account, and/or Google account.

On May 23, 2019, Defendant pled guilty to Count 1 and Count 8. The State dismissed the remaining charges against Defendant. By agreement, the State also amended Count 8 of the indictment to make it clear that Defendant was pleading to a Class C felony. At the guilty plea hearing, counsel for the State presented the factual basis for the guilty plea as follows:

On January 29, 2018, Detective Stephen Hodges with the Goodlettsville Police department received a referral from Detective Robert Kerrigan with the Metro Sex Crimes Unit in reference to a suspect uploading child sexual abuse images to the internet. Detective Kerrigan received 20 cyber tips from NCMEC from both Google and Microsoft in reference to images of child pornography. The images and evidence from NCMEC were reviewed and there was found to be a total of 28 images that had been uploaded from several IP addresses in the city of Goodlettsville. Detective Kerrigan and Detective Adkins executed subpoenas to Comcast for subscriber information and received information belonging to Defendant, Ramon Luis Hernandez. They then executed a search warrant on March 14, of 2018, at the residence of Defendant. Detective Hodges Mirandized and interviewed the defendant, who admitted to possessing and uploading multiple images of child sexual abuse. Defendant further admitted to possessing more than [fifty] images of child abuse and distributing approximately twenty images on his electronic devices.

- 2 -

The State's proof specifically would show for Count One that 17 photographs were uploaded through Microsoft Skype Chat application and for Count Eight that the defendant was in possession of [seventy] different child sexual abuse images located on his laptop.

After the State recited the factual basis for the plea, Defendant agreed that the factual basis for both the aggravated sexual exploitation of a minor charge and the amended charge of sexual exploitation of a minor involving over fifty images was accurate, and that he was guilty of the charges. The trial court determined that Defendant was competent to enter the plea, that there was a factual basis for the plea, and that Defendant was entering the plea knowingly, voluntarily, and intelligently.

The parties agreed that the trial court would determine the specific length of the sentence for each count at a separate sentencing hearing. Defendant also agreed that whatever sentence the court imposed for each count, the sentences would be aligned consecutively. Additionally, Defendant acknowledged that because the offenses were not probatable, the only alternative to incarceration for the trial court to consider would be community corrections.

At the July 12, 2019, sentencing hearing, the trial court received as evidence the presentence report ("Report") and the psychosexual evaluation. The Report indicated that Defendant had no prior convictions. The Report also indicated that Defendant had completed some college and served in the United States Marine Corp for eight years before being honorably discharged. The trial court also received into evidence several certificates from programs Defendant completed through prison ministries while he was incarcerated.

Detective Hodges testified that he saw the photos that were obtained from the Google and Microsoft accounts. He stated that Defendant's child pornography was especially disturbing. Detective Hodges said that the photographs depicted young, naked children who were obviously under the age of eighteen. In some cases, the victims appeared to be well under the age of six. According to Detective Hodges, the majority of the photos showed children engaging in some form of sexual activity. He stated that this case was "unfortunately" separated from other cases he had investigated because most all the images were "very, very young children." Detective Hodges described one disturbing video "depict[ing] a middle-aged man having forcible sexual intercourse with a child that was probably no older than four."

Detective Hodges testified that Defendant was very cooperative when they executed the warrants. Defendant told Detective Hodges that he frequented internet sites where child pornography was exchanged for bitcoin.

Defendant's father, Ramon Luis Hernandez, Sr., testified that he is a reverend, a pastor, and a missionary. Both of Defendant's parents visited Defendant in jail on a monthly basis. Mr. Hernandez said that Defendant would be allowed to live at home with him if he received an alternative sentence, and that he had a vehicle Defendant could use to go to work or treatment. Mr. Hernandez acknowledged that Defendant lived in his house when these crimes occurred.

In a statement by Defendant, which was not subjected to cross-examination, he stated that he had spent the past 485 days reading and studying the Bible and that he had changed his ways. Defendant expressed his remorse as well as his desire to become ordained and return to prison to minister to the inmates. Defendant stated that sex was no longer an important part of his life, and he "would no longer be a slave to sin."

At the conclusion of the sentencing hearing, the trial court determined that four enhancement factors applied. The trial court found that some of the offenses involved more than one victim; the victims were particularly vulnerable because of age; the personal injuries inflicted upon, or the amount of damage to property sustained by or taken from, the victims was particularly great; and the offenses involved a victim and were committed to gratify Defendant's desire for pleasure or excitement. *See* T.C.A. §§ 40-35-114(3), (4), (6), (7). In mitigation, the trial court also considered the fact that Defendant had a "clean record" and that Defendant served with distinction in the military. *See* T.C.A § 40-35-113(13). The trial court also considered the imposition of a sentence justly deserved in relation to the seriousness of the offense, punishment sufficient to prevent crime and promote respect for the law and consideration of Defendant's potential for rehabilitation. *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008).

The trial court stated that the offense of observing and distributing pornographic images of children being abused was extremely serious. The trial court determined that given the seriousness of the crime, a strong sentence would deter future individuals from engaging in this behavior. Based on the psychosexual risk assessment, the trial court found that the chances of Defendant relapsing were high. Ultimately, the trial court sentenced Defendant to five years on each count at thirty percent, to be served consecutively, for an effective sentence of ten years. As a consequence of his guilty plea, Defendant was also placed on the sex offense registry for life.

The trial court then considered the possibility of alternative sentencing. The trial court found that the imposition of a sentence justly deserved in relation to the seriousness of the offense was important to satisfy the purpose of the sentence. *See* T.C.A § 40-35-102(1). Also, providing an effective deterrent to those likely to violate the criminal laws of this state was necessary to promote respect for the law and prevent crime and that

addressed the defendant's potential or lack of potential for rehabilitation. *See* T.C.A § 40-35-102(3). Based on the evidence before the court, specifically the psychosexual evaluation, the trial court declined to allow Defendant to serve his sentence on community corrections.

Defendant filed a timely notice of appeal.

*Analysis*

Defendant argues that the trial court "did not make proper determinations in this case in accordance with the Sentencing Reform Act of 1989 and that this Court should therefore, review the sentences in this cause de novo." Specifically, Defendant argues that the trial court erred in determining both the length of his sentences and the manner of service of those sentences because the trial court believed that Defendant had poor potential for rehabilitation. The State argues that the abuse of discretion standard of review applies and that the trial court did not abuse its discretion in sentencing Defendant to ten years in confinement.

When a defendant challenges the length or manner of service of a within range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 D.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applies an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that causes an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). This deferential standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The defendant bears the burden of proving that the sentence is improper. T.C.A § 40-35-101, Sent'g Comm'n Cmts.

In reaching its decision, the trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the result of the validated risk and needs assessment conducted by the

department and contained in the presentence report. *See* T.C.A § 40-35-102, -103, -210(b); *see also Bise*, 380 S.W.3d at 697-98. Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4). The weighing of various enhancement and mitigating factors is within the sound discretion of the trial court. *Carter*, 254 S.W.3d at 345. This Court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709.

In sentencing Defendant for aggravated sexual exploitation of a minor and sexual exploitation of a minor, the trial court considered the facts and circumstances of the offense. The trial court also reviewed the evidence presented at the sentencing hearing, the presentence report, the psychosexual report, the principles of sentencing, the characteristics of the criminal conduct involved, the enhancing and mitigating factors, and Defendant's allocution statement. The trial court found Defendant to be a Range I, standard offender, with a sentencing range between three and six years for the Class C felonies of aggravated sexual exploitation of a minor and sexual exploitation of a minor. T.C.A. § 40-35-111(a)(3). The trial court sentenced Defendant to five years for aggravated sexual exploitation of a minor and five years for sexual exploitation of a minor for an effective sentence of ten years. These are clearly within range sentences.

The trial court denied Defendant's request for community corrections. The trial court made several findings as to why Defendant should not be allowed to serve his sentence on community corrections. In his brief, Defendant states that he "respectfully disagrees" with the trial court's conclusion that he has poor potential for rehabilitation. Defendant points to his cooperation with authorities, his parents' support, his lengthy employment, completion of several courses of study, and his risk levels as "low." None of these points, taken separately or together, support a finding that the trial court abused its discretion in denying community corrections. Again, the party appealing the sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sent'g Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Because the record shows that the trial court carefully considered the evidence, the enhancement and mitigating factors, and the purposes and principles of sentencing prior to imposing a sentence of confinement, Defendant has failed "to either establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded" to the court's sentence in this case. *Caudle*, 388 S.W.3d at 280.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

 

_____

TIMOTHY L. EASTER, JUDGE